IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CARLTHEL W. BURNETT**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 15 C 3490 |
| **MEGAN J. BRENNAN**, Postmaster General, | ) ) ) ) |
| Defendant. | ) |

## **MEMORANDUM ORDER**

Last week Carlthel Burnett ("Burnett") utilized the form Complaint of Employment Discrimination made available by the Clerk's Office for use by pro se litigants to sue Postmaster General Megan Brennan with every type of discrimination listed in Complaint ¶ 9 except discrimination based on religion -- that paragraph checked off age, color, disability, national origin, race and sex as multiple causes of the adverse employment decision suffered by Burnett (termination of employment). But here is the extremely brief statement of facts (copied verbatim) that Burnett has set out in Complaint ¶ 13:

> OPM. Operation of Personnel Management sent me a letter asking me to pay 40,000 into pension to received time lost from past settlement. 95 C 2982.

There's not a hint or even a whisper in that statement to support any assertion that one or more of the protected classifications checked off by Burnett had any causal nexus to Burnett's termination, nor has Burnett attached a copy of the charge or charges filed as a prelude to this lawsuit (even though Complaint ¶ 7.1(b) states that such a copy is attached). Indeed, the only charge to which Complaint ¶ 7.1 refers at all is one said to have been filed with the United States

Equal Employment Opportunity Commission 20 years ago (the charge that gave rise to Case No. 95 C 2982, which is also referred to in Complaint ¶ 13.[1]  And as if that confusion were not enough, Complaint ¶ 6 states that the claimed discrimination against Burnett began on October 17, <u>2015</u> -- a date that has not yet arrived.

     Accordingly Burnett's Complaint has utterly failed to reflect the "plausibility" required by the <u>Twombly</u>-<u>Iqbal</u> canon of federal pleading, and both the Complaint and this action must be and are dismissed.  That in turn calls for the denial as moot of the two other Clerk's-Office-supplied requests for relief that have accompanied the Complaint:   an In Forma Pauperis Application and a Motion for Attorney Representation (the latter, incidentally, reflects no efforts at all on Burnett's part to seek out such representation, a requirement imposed by our Court of Appeals before pro bono counsel may be designated).  This Court so orders.

                                                     _____
                                                       Milton I. Shadur
                                                       Senior United States District Judge

Date:  April 27, 2015

---

[1] That would strongly suggest (a likely understatement) that the current Complaint may be barred by limitations.